IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANAI REYES, ELISHA EVRIDGE,
and CONNIE WARREN,

    Plaintiffs,

v.   Case No. 20-CV-330

FIRST JUDICIAL DISTRICT
ATTORNEY'S OFFICE,
FIRST JUDICIAL DISTRICT
ATTORNEY MARCO P. SERNA,
and the STATE OF NEW MEXICO
ADMINISTRATIVE OFFICE OF
THE DISTRICT ATTORNEYS,

    Defendants.

**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, BREACH OF CONTRACT, CONVERSION, AND UNJUST ENRICHMENT**

**COME NOW** Plaintiffs, Anai Reyes, Elisha Evridge and Connie Warren, by and through their counsel of record, Youtz and Valdez, P.C. (Shane C. Youtz, Stephen Curtice, James A. Montalbano), and for their Complaint against Defendants state as follows:

### General Allegations

1.    This is an action brought by Plaintiffs who were employed by Defendants as employees in the First Judicial District Attorney's Office in Santa Fe, New Mexico.

2.    Plaintiffs bring suit to recover back pay, compensatory, exemplary and punitive damages as a result of Defendants' failure to pay employees for all hours worked and for Defendants' failure to pay overtime wages as required by law.

3.    Plaintiffs have served as Victim Advocates in the First Judicial District Attorney's Office under Marco P. Serna, the First Judicial District Attorney.

4.  Plaintiffs worked a standard 40-hour work week plus, on average, one (1) to three (3) hours of overtime in a typical work week.

5.  If an employee is required to work beyond 40 hours in a work week, overtime shall be compensated at one-and-a-half times the regular wage rate. *See* Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a)(1).

6.  In addition, under the terms of their employment with a state subdivision, if an employee is required to work beyond 40 hours in a work week, overtime shall be compensated at one-and-a-half times the regular wage rate. Rule 10.4.7.10 NMAC. *See also* First Judicial District Attorney's Office Policies and Procedures ("Handbook") at § 10.1.

7.  Failure of an employee to work scheduled overtime may result in discipline of that employee. *Id.*, § 10.2.

8.  Employees working overtime may be granted compensatory time in lieu of pay, albeit at the time-and-a-half rate. *Id.*, § 10.5.

9.  These requirements were affirmed by the Director of the State Personnel Office in Interpretive Memo No. 2011-004, released in August 2011 by Director Eugene Moser.

10. Plaintiffs earned a regular rate of between $19 and $21 per hour in their work as Victim Advocates.

11. Plaintiffs were regularly required to work overtime, on average one to three hours per week.

12. When they worked overtime hours, Plaintiffs were compensated at no more than their regular straight-time rate of pay and were not paid at time-and-a-half.

13. When Plaintiffs complained of these illegal pay practices, those practices were not corrected, and instead, Plaintiffs were retaliated against in the form of hostile treatment by

managers, belittling language from managers, denial of workplace benefits, and threats of discipline.

## Parties

14. Plaintiffs are now, and were at all times relevant to this lawsuit, residents of the State of New Mexico.

15. Plaintiff Anai Reyes was employed by Defendants as a Victim Advocate starting in August 2018.

16. Plaintiff Elisha Evridge was employed by Defendants as a Victim Advocate starting in November 2014.

17. Plaintiff Connie Warren was employed by Defendants as a Victim Advocate starting in August 2012.

18. Defendant First Judicial District Attorney's Office represents the people of the State of New Mexico and comprises three counties: Santa Fe, Los Alamos and Rio Arriba. The office is charged with the duties of initiating and conducting prosecution of criminal offenses and enforcing state laws.

19. Defendant Marco P. Serna is the First Judicial District Attorney, serving a term that began after his election in 2016.

20. Defendant State of New Mexico Administrative Office of the District Attorneys is a state agency created to support and promote the work of all of New Mexico's District Attorneys. It provides, among other support services, fiscal administration, personnel administration, and employee compensation for the First Judicial District Attorney's Office under NMSA 1978, § 36-1-25.

21. Plaintiffs were "employees" of Defendants, as that term is defined in portions of the Fair Labor Standards Act, the New Mexico Administrative Code, and the common law of New Mexico.

22. Defendants qualify as "employer" for Plaintiffs, as that term is defined in portions of the Fair Labor Standards Act, the New Mexico Administrative Code, and the common law of New Mexico.

23. Plaintiffs do not fall under any of the exemptions of the FLSA, 29 U.S.C. § 213.

### Jurisdiction and Venue

24. This Court enjoys subject matter jurisdiction here because the Complaint alleges a cause of action under the laws of the United States and the State of New Mexico, as well as state common law causes of action.

25. This Court enjoys personal jurisdiction over Defendants because Defendants conduct business in this judicial district.

26. Venue is proper here because the incidents at issue occurred within this District.

27. Plaintiffs' claims do not exceed $75,000.00 individually.

### Count I: Violation of the FLSA (29 U.S.C. § 201 et seq.)

28. Plaintiffs incorporate the foregoing paragraphs by reference as though set forth herein.

29. In any workweek in which Plaintiffs worked at least 40 hours, Defendants' failure to pay Plaintiffs at one and one half times their regular rate of pay, for hours in excess of 40, violated the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 206, 207, 215, 216.

30. As a result of such violations, Plaintiffs are entitled to the damages, fees and expenses as set out in the FLSA, 29 U.S.C. § 216.

31. Defendants' failure to pay wages due was willful.

32. As a direct and proximate result of Defendants' failure to pay wages, its hourly employees, including Plaintiffs, have suffered damages in the form of lost wages and lost use of such wages.

### Count II: Breach of Contract

33. Plaintiffs incorporate the foregoing paragraphs by reference as though set forth herein.

34. Under New Mexico law, an employer's Polices & Procedures or Employee Handbook constitute a valid employment contract between employer and employees. *See Garcia v. MRGCD*, 1996-NMSC-029, 918 P.2d 7.

35. Defendants promulgated the First Judicial District Attorney's Office Policies and Procedures ("Handbook").

36. That Handbook required overtime work to be compensated at one-and-a-half times the normal pay rate for hours worked beyond forth (40) hours in a work week.

37. Defendants breached this contract with Plaintiffs by failing and refusing to pay the promised and proper wages.

38. The State of New Mexico also promulgated rules for the Offices of District Attorneys, including for the First Judicial District Attorney,

39. Those rules, replicated in the First Judicial District Attorney's Employment Handbook, also constitute a valid employment contract between Defendants and Plaintiffs.

40. Plaintiffs suffered injuries attributable to this breach of contract, and those injuries are a direct and proximate result of Defendants' actions.

**Count III: Conversion**

41. Plaintiffs incorporate herein the previous allegations of this complaint.

42. Through the foregoing actions relating to overtime wages of Plaintiffs, Defendants have unlawfully exercised dominion and control over the property of Plaintiffs, specifically their full overtime compensation.

43. Through the foregoing actions, Defendants are in unlawful possession of the property of Plaintiffs, specifically their full overtime compensation.

44. Through the foregoing actions relating to the full overtime compensation of Plaintiffs, Defendants have acted in exclusion and/or defiance of the property rights of Plaintiffs.

45. Defendants' actions constitute an unauthorized and injurious use of the property of Plaintiffs, specifically full overtime compensation.

46. Plaintiffs are entitled to compensatory and punitive damages as a result of Defendants' conversion of their property, in an amount to be determined at trial.

**Count IV: Unjust Enrichment**

47. Plaintiffs incorporate the foregoing paragraphs by reference as though set forth herein.

48. Defendants failed to pay Plaintiffs for all hours worked, retained the fruits of the labor of Plaintiffs, and retained the monies that should have been paid to Plaintiffs as wages for hours worked.

49. By its actions, Defendants were enriched at the expense of Plaintiffs, and it is against equity and good conscience to permit Defendants to retain the monies it gained through the acts described herein.

50. Defendants should be required to disgorge this unjust enrichment.

## Jury Demand

51. Plaintiffs demand a trial by jury on all counts for which a jury trial is permitted.

## Request for Relief

52. WHEREFORE, Plaintiffs pray for the following relief:

    a. An order declaring that the acts and practices of Defendants, as set out above, constituted a violation of the Fair Labor Standards Act.

    b. An order declaring that the acts and practices of Defendants, as set out above, constituted a breach contract;

    c. An order declaring that the acts and practices of Defendants, as set out above, constituted conversion;

    d. An order declaring that the acts and practices of Defendants, as set out above, constituted unjust enrichment that must be disgorged by Defendants;

    e. A judgment for and award of actual damages to Plaintiffs;

    f. Plaintiffs be awarded compensatory damages;

    g. Plaintiffs be awarded punitive damages;

    h. Plaintiffs be awarded liquidated damages;

    i. Plaintiffs be awarded costs and fees of suit herein;

    j. The Court award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

    k. The Court award Plaintiffs such other and further relief as may be necessary and appropriate.

Dated: April 13, 2020                                    Respectfully submitted,

                                                         **YOUTZ AND VALDEZ, P.C.**

        */s/ James A. Montalbano*
Shane C. Youtz
shane@youtzvaldez.com
Stephen Curtice
stephen@youtzvaldez.com
James A. Montalbano
james@youtzvaldez.com
900 Gold Ave. SW
Albuquerque, NM 87102
(505) 244-1200 – Telephone
*Counsel for Plaintiffs*