# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANAI REYES, ELISHA EVRIDGE, and
CONNIE WARREN,

      Plaintiffs,

      v.                                           No. 1:20-cv-330-WJ-KK

FIRST JUDICIAL DISTRICT ATTORNEY'S
OFFICE, FIRST JUDICIAL DISTRICT ATTORNEY
MARCO P. SERNA, and the STATE OF NEW MEXICO
ADMINISTRATIVE OFFICE OF THE DISTRICT
ATTORNEYS,

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, BREACH OF CONTRACT, COVERSION, AND UNJUST ENRICHMENT

**THIS MATTER** is before the Court on Defendants' motion to dismiss the complaint, filed May 20, 2020 (**Doc. 10**). Plaintiffs' complaint, filed April 13, 2020, contains four claims: one under federal statute (Fair Labor Standards Act ("FLSA")) and three under New Mexico common law (breach of contract, conversion, unjust enrichment). *See* Doc. 1. Defendants move for the Court, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss Plaintiffs' complaint in its entirety. Having considered the parties' pleadings and applicable law, the Court finds that it lacks subject matter jurisdiction over the federal FLSA claim and, in an exercise of its sound discretion, declines to exercise supplemental jurisdiction over the remaining New Mexico common law claims. Therefore, Defendants' motion is GRANTED.

## BACKGROUND

Plaintiffs bring this lawsuit against Defendants First Judicial District Attorney's Office

("FJDA"), First Judicial District Attorney Marco P. Serna ("DA Serna"), and the State of New Mexico Administrative Office of the District Attorneys ("AODA"). Plaintiffs served as victim advocates in the FJDA under DA Serna. Doc. 1 ¶ 3. The AODA is a state agency that provides fiscal administration, personnel administration, and employee compensation for the FJDA. *Id.* ¶ 20. All Plaintiffs are residents of the State of New Mexico. *Id.* ¶ 14. The complaint alleges subject matter jurisdiction pursuant to 28 U.S.C. § 1331. *Id.* ¶ 24. The complaint makes no other allegations regarding subject matter jurisdiction. Therefore, the Court's subject matter jurisdiction over this case depends exclusively upon Plaintiffs establishing federal question jurisdiction under § 1331.

Count 1 alleges that Defendants violated the FLSA, 29 U.S.C. §§ 206, 207, 215, 216, by willfully failing to pay Plaintiffs at one and a half times their regular rate of pay, for hours in excess of forty. *Id.* ¶¶ 29, 31. Plaintiffs request the damages, fees and expenses contained in § 216 of the FLSA and an order declaring that Defendants violated the statute. *Id.* ¶¶ 30, 52.

Count 2 alleges Defendants entered into a valid employment contract with Plaintiffs by promulgating the First Judicial District Attorney's Office Policies and Procedures, which requires overtime work to be compensated at one and a half times the normal pay rate for hours worked beyond forty hours in a work week. *Id.* ¶¶ 34–36. Defendants allegedly breached this contract by failing and refusing to pay Plaintiffs under the terms therein. *Id.* ¶ 37.

Count 3 alleges Defendants unlawfully exercised dominion and control over the property of Plaintiffs, specifically their full overtime compensation and that this unlawful possession entitles Plaintiffs to compensatory and punitive damages. *Id.* ¶ 42–46.

Count 4 alleges Defendants, through their failure to pay Plaintiffs for all hours worked, were unjustly enriched and that Defendants should be required to disgorge this unjust enrichment.

*Id.* ¶ 48–50.

The complaint requests various forms of monetary and declaratory relief, but it does not request injunctive relief. *Id.* ¶ 52. The only hint that Plaintiffs seek injunctive relief comes in the form of a request that "[t]he Court award Plaintiffs such other and further relief as may be necessary and appropriate." *Id.*

In their motion to dismiss, Defendants make a facial attack under Fed. R. Civ. P. 12(b)(1) on the complaint's allegations of subject matter jurisdiction. Doc. 10 at 1–2. Further, Defendants argue the complaint lacks the requisite specificity and fails to state plausible claims for relief, such that it warrants dismissal under Fed. R. Civ. P. 12(b)(6). *Id.*

Because the Court is granting Defendants motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), this Memorandum Opinion and Order will focus on the parties' arguments regarding the Court's subject matter jurisdiction over this case.

Defendants argue for dismissal under Fed. R. Civ. P. 12(b)(1) on the basis of Eleventh Amendment immunity. Defendants assert that since the FJDA is a state entity, the AODA is a state agency, and DA Serna is a state official, all are entitled to Eleventh Amendment immunity on the FLSA claim. *Id.* at 6.

**LEGAL STANDARD**

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court will presume that it lacks jurisdiction over the case; the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.*

Whenever the court lacks jurisdiction of the subject matter involved in an action, it must dismiss the action. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). A motion to dismiss for lack of

3

subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) may take two forms. When a defendant makes a facial attack on the complaint's allegations, which challenges the sufficiency of the complaint, the district court will accept the plaintiff's allegations as true. *Contact Commc'ns v. Qwest Corp.*, 246 F. Supp. 2d 1184, 1187 (D. Wyo. 2003). If, however, the defendant goes beyond the allegations contained in the complaint and challenges the facts upon which subject matter jurisdiction depends, the district court will not presume the truthfulness of the plaintiff's allegations and has wide discretion to consider other documents to resolve the jurisdictional question. *Id.* Dismissals for lack of jurisdiction should be without prejudice. Fed.R.Civ.P. 41(b); *see also Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir. 2006).

## DISCUSSION

### I.     The Eleventh Amendment is a jurisdictional bar to Plaintiffs' FLSA claim.

The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has construed the immunity articulated in the Eleventh Amendment to prohibit federal courts from entertaining suits against states brought by their own citizens or citizens of another state without the consent of the states being sued. *See Port Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). State entities, agencies, and officials are likewise provided immunity as "an arm of the state." *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274 (1977). The Eleventh Amendment immunity divests a federal court of subject matter jurisdiction, given "the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000); *see also Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) ("The Eleventh Amendment is a

jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state.") (quoting *Wagoner Cnty. Rural Water Dist. No. 2. v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir.2009)).

Plaintiffs' response to Defendants' assertion of immunity on the FLSA claim greatly reduces the scope of their original claim. *See* Doc. 12. Plaintiffs concede that a federal court cannot hear wage and overtime claims brought under the FLSA by a citizen against a state, and consequently abandon their FLSA claims against the FJDA and the AODA.[1] *Id.* at 5. However, Plaintiffs maintain that the Eleventh Amendment does not preclude an FLSA claim against DA Serna from proceeding in a federal court. In substance, Plaintiffs argue that they may obtain money damages, declaratory relief, and injunctive relief on their FLSA claim because the Eleventh Amendment does not bar such an action against DA Serna "in his personal capacity."[2] *Id.* Of course, Defendants assert that the Eleventh Amendment bars the FLSA claim against DA Serna as well. *See* Doc. 13. The Court accepts the parties' narrowed inquiry. The remainder of the Eleventh Amendment immunity analysis will be limited to Plaintiffs' FLSA claim against DA Serna. In its inquiry as to whether the Eleventh Amendment bars Plaintiffs' FLSA claim against DA Serna, the

---

[1] Plaintiffs' rationale for abandoning the FLSA claim as to these two Defendants is sparse, but the Court agrees with Plaintiffs that the FJDA and the AODA are immunized by the Eleventh Amendment as "arms of the state." The FJDA is a state entity. N.M. Const. art. 6 § 24; *Ysais v. Richardson*, No. CIV. 07-0287 JB/RLP, 2008 WL 4861697, at *5 (D.N.M. July 9, 2008) (finding that New Mexico's Thirteenth Judicial is a state entity immune from suit under the Eleventh Amendment); *see also Macias v. Griffin*, 612 Fed.Appx. 532, 534 (10th Cir. 2015) (holding the same for New Mexico's Fifth Judicial District Attorney's Office); *Jackson v. N.M. Pub. Def.'s Office*, 361 Fed.Appx. 958, 962 (10th Cir. 2010) (holding the same for New Mexico's Second Judicial District Attorney's Office). Plaintiffs allege that the AODA "is a state agency created to support and promote the work of all of New Mexico's District Attorneys." Doc. 1 ¶ 20 (emphasis added). The AODA is created by statute and governed by a director appointed by majority vote of the state's district attorneys. NMSA 1978, § 36-1-25. The Court notes, without concluding, that state agencies such as the AODA are traditionally treated as arms of the state. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000) (discussing the standard for determining whether an entity is an arm of the state).

[2] The parties devote a substantial portion of their respective arguments to whether the FLSA claim treats DA Serna as an official or as an individual. It appears, given the cases cited to, that parties are attempting to fit DA Serna into the "official capacity" versus "individual capacity" framework generally associated with § 1983 claims. *See e.g., Kentucky v. Graham*, 473 U.S. 159 (1985). The law is not clear as to whether such a technical distinction is relevant in the absence of a § 1983 claim. The Court finds that it need not become too entangled in these arguments, given its ability to resolve the dispute as to DA Serna's immunity without making this distinction.

Court must determine: (1) whether DA Serna is a state official, immunized by the Eleventh Amendment as an "arm of the state," and (2) if so, whether the *Ex parte Young* doctrine nevertheless allows Plaintiffs to proceed in federal court.

In *Mt. Healthy*, the United States Supreme Court held that "[t]he bar of the Eleventh Amendment to suits in federal courts extends to States and state officials in appropriate circumstances, but does not extend to counties and similar municipal corporations." 429 U.S. 274, 280 (1977). The Tenth Circuit has added to this general rubric, factoring in: (1) the characterization of the governmental unit under state law; (2) the guidance and control exercised by the state over the governmental unit; and (3) the degree of state funding received.[3] *Sturdevant v. Paulsen*, 218 F.3d 1160, 1166 (10th Cir. 2000) (citing *Mt. Healthy*, 429 U.S. at 280). The primary question is whether a district attorney in New Mexico holds similar status to a local government official, or whether he or she is an alter ego of the state. *Id.* at 1162.

Plaintiffs allege that DA Serna is "the First Judicial District Attorney, serving a term that began after his election in 2016." Doc. 1 ¶ 19. The New Mexico Constitution and opinions rendered by the New Mexico Supreme Court make clear that DA Serna is a state official. *See* N.M. Const. art. 6, § 24 (characterizing a district attorney as a "law officer of the state"); *State ex rel. Ward v. Romero*, 125 P. 617, 619–22 (N.M. 1912) (holding that a district attorney in New Mexico is a "state official" and "a part of the judicial system of the state"). Moreover, district attorneys in New Mexico: swear an oath of office "as prescribed for other officers" (NMSA 1978, § 36-1-1); have their salaries determined by the state legislature (NMSA 1978, § 36-1-6); and pay official expenses with funds appropriated by the state Secretary of Finance (NMSA 1978, § 36-1-8). These authorities allow the Court to conclude that DA Serna is an "arm of the state." This conclusion is

---

[3] The fourth factor, the governmental unit's ability to issue bonds and levy taxes on its own behalf, is irrelevant given the facts of this case.

supported by DA Serna's inherent connection to his office, the FJDA, which Plaintiffs concede is immunized by the Eleventh Amendment. Indeed, the Tenth Circuit has held that district attorneys in New Mexico can enjoy Eleventh Amendment immunity to the same extent as the office in which they serve. *See Jackson v. N.M. Pub. Def.'s Office*, 361 Fed.Appx. 958, 962 (10th Cir. 2010) (holding that New Mexico's Second Judicial District Attorney's Office is protected from suit by the Eleventh Amendment and that this "immunity also extends to supervising attorneys"). Plaintiffs do not allege that DA Serna took any actions outside the bounds of his official duties. Therefore, under these circumstances, the Court finds that DA Serna is protected from suit in federal court under the Eleventh Amendment.

Since all Defendants enjoy immunity, the Eleventh Amendment bars this Court from exercising jurisdiction over the FLSA claim. A claim otherwise barred may be brought under the *Ex parte Young*, 209 U.S. 123 (1908) doctrine which permits "suits against state officials seeking to enjoin alleged ongoing violations of federal law." *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1154 (10th Cir. 2011). Although not properly characterized as an exception to a state's Eleventh Amendment immunity, the doctrine allows for suits against state officials under certain circumstances. The rationale animating *Ex parte Young* is that a state may not shield its officials from the scrutiny of federal courts when the official's acts violate the United States Constitution or federal law. *See Green v. Mansour*, 474 U.S. 64, 68 (1985) ("Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law.").

To determine whether the *Ex parte Young* doctrine applies, the Court "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland*, *Inc. v. Pub. Serv.*

7

*Comm'n of Md.*, 535 U.S. 635, 645 (2002). Thus, for the *Ex parte Young* exception to apply, Plaintiffs must show that they are: (1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief. *See Chaffin v. Kan. State Fair Bd.*, 348 F.3d 850, 866 (10th Cir.2003); *Lewis v. N.M. Dep't of Health*, 261 F.3d 970, 975 (10th Cir.2001). Here, the Court need not determine whether Plaintiffs satisfy the first prong, as the complaint clearly fails to satisfy the final two prongs of the showing.

First, Plaintiffs do not allege an ongoing violation of federal law. The complaint pleads allegations in the past tense, *e.g.* "Plaintiffs *were* employees" and Defendants "*violated* the Fair Labor Standards Act." Doc. 1 at 4. (emphasis added). Second, Plaintiffs do not seek prospective relief. The complaint reveals that the primarily impetus behind the FLSA claim is money damages to cure past harm. Doc. 1 ¶¶ 30, 52 (requesting "damages, fees and expenses as set out in the FLSA, 29 U.S.C. § 216," as well as a variety of other money damages). *Ex parte Young* does not impose upon the State "a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials." *Verizon Maryland*, 535 U.S. at 646 (quoting *Edelman v. Jordan*, 415 U.S. 651, 668 (1974)). Plaintiffs' cursory request for an order declaring that Defendants violated the FLSA and "such other and further relief as may be necessary and appropriate" does not entitle them to pierce DA Serna's Eleventh Amendment immunity. "The Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past." *Johns v. Stewart*, 57 F.3d 1544, 1553 (10th Cir. 1995) (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993)); *see also Barnett v. Pikes Peak Cmty. Coll. Police Dep't*, No. 14-CV-02820-LTB, 2015 WL 4245822, at *3 (D. Colo. July 14, 2015) (rejecting the application of *Ex parte Young* in a FLSA action where "the thrust of the relief sought in the complaint is recourse for alleged past violations of the law"). Moreover, the complaint uses only the collective

term "Defendants." *See generally* Doc. 1. The failure to seek specific relief from named defendants leaves the Court no option but to conclude that Plaintiffs seek retroactive money damages from all Defendants.[4] Therefore, the Court concludes that the *Ex parte Young* doctrine does not provide an appropriate avenue for relief, nor does it strip DA Serna of his Eleventh Amendment immunity.

The Court finds that it lacks subject matter jurisdiction over Plaintiffs' FLSA claim. Since the complaint contains no other federal claims or allegations of jurisdiction, the Court will next determine whether it will exercise its supplemental jurisdiction over the remaining New Mexico common law claims.

## II. The Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining New Mexico common law claims

In certain classes of cases, once the Court has original jurisdiction over some claims in the action, it may "exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." *Exxon Mobil Corp. v. Allapattah Servs*., Inc., 545 U.S. 546, 552 (2005). This form of jurisdiction is codified under 28 U.S.C. § 1367. Neither the statute nor case law compel a federal court to exercise supplemental jurisdiction in every instance where it arises. The Tenth Circuit has followed the Supreme Court's lead in classifying supplemental jurisdiction not as a litigant's right, but as a matter of judicial discretion. *See Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir.2004). The statute enumerates four instances in which a district court may decline to exercise supplemental jurisdiction: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances,

---

[4] Defendants argue that Plaintiffs' use of the collective term "Defendants" merits dismissal under Rule 12(b)(6). The Court finds no need to engage in this analysis, but it is inclined to agree with Defendants that such language would make application of the *Iqbal/Twombly* plausibility test exceedingly difficult.

there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Federal courts should also consider "judicial economy, convenience and fairness to litigants" when deciding whether to exercise supplemental jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 727 (1966).

The three New Mexico common law claims contained in the complaint arise out of the same case or controversy as the federal FLSA claim. Nevertheless, this Court will follow the Tenth Circuit's instruction that district courts should generally decline exercising jurisdiction over state claims when federal claims no longer remain. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir.2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.") (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir.1998)). This decision is consistent with § 1367(c). Since the Court does not have subject matter jurisdiction over Plaintiffs' sole federal claim, the Court must dismiss this claim for lack of subject matter jurisdiction. As for Plaintiffs' remaining claims, since they arise under New Mexico state law, those claims should be heard by the appropriate New Mexico state court and so for this reason, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.

**THEREFORE**, Defendants' Motion to Dismiss (**Doc. 10**) is **GRANTED** and all claims brought by Plaintiffs are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE